# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-00123-MR

| | |
|---|---|
| BRANDON GENE MASSEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on its own motion on the return of mail sent by the Clerk to Plaintiff as undeliverable. [Docs. 7, 8].

Pro se Plaintiff Brandon Gene Massey ("Plaintiff") filed this action on March 23, 2021, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), naming four Defendants, including the United States, "DEA Agency," and two DEA Agents based on alleged violations of his rights under the Fourth, Eighth, and Fourteenth Amendments during a search at a Wal-Mart in Belmont, North Carolina. [Doc. 1]. The docket in this matter reflects that Plaintiff is incarcerated at the Mecklenburg County Jail in Charlotte, North Carolina, and Plaintiff described himself as a pretrial detainee in his Complaint. [Doc. 1 at 4].

On April 14, 2021, the Clerk of Court mailed Plaintiff an Order requiring that Plaintiff to pay the full filing fee in this matter within 30 days of that Order. [Doc. 8]. The Clerk advised Plaintiff that, if he failed to comply with the Order, this action would be dismissed. [Id.]. The deadline for Plaintiff to pay the filing fee has expired. The Clerk's Order directing Plaintiff to pay the filing fee, however, was recently returned to the Court as undeliverable, stating that Plaintiff is "[n]ot in Mecklenburg County Jail System." [Doc. 8 at 1]. Plaintiff, however, has not updated his address with the Court.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).

Before dismissing this action for failure to prosecute, the Court will give Plaintiff 14 days in which to notify the Court of his updated address. Because it appears that Plaintiff never received the Clerk's Order requiring payment of the filing fee, the Court will also allow Plaintiff 14 days from this Order to pay the filing fee.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff has fourteen (14) days from this Order to notify the Court of his new address. Plaintiff's failure to timely notify the Court will result of dismissal of this action without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff has fourteen (14) days from this Order to pay the filing fee of $350.00 in full in accordance with Docket No. 7. Plaintiff's failure to pay the filing fee as ordered will result in dismissal of this action without prejudice and without further notice to Plaintiff.

**IT IS SO ORDERED**.

Signed: May 24, 2021

Martin Reidinger
Chief United States District Judge